UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CARLOS MEZA, on behalf of himself and
all other persons similarly situated,   **COMPLAINT**

                        Plaintiff,   Docket No.:
   -against-

SIPALA LANDSCAPE SERVICES, INC. and
MICHAEL SIPALA,   *FLSA Collective Action*

                       Defendant.
-----------------------------------------------------------------------X

      Plaintiff, CARLOS MEZA ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, SIPALA LANDSCAPE SERVICES, INC. ("Landscape"), and MICHAEL SIPALA ("Sipala", together with Landscape, as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action to recover unpaid overtime wages against Defendant Landscape, and its principal owner, Sipala, under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). This action is also brought on behalf of Plaintiff and individuals who provided labor for Defendants to recover prevailing wages and benefits which Plaintiff and members of the collective were contractually entitled to receive for work they performed on various Public Works Projects. Plaintiff also brings this action to recover damages for violations of New York Labor Law § 195, and the supporting New York State Department of Labor Regulations. Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief pursuant to New York Labor Law Section 198.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

4. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

6. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law §190(2).

7. Defendant, Landscape, is a domestic business corporation with a principal place of business located at 8 Mac Niece Place, Dix Hills, New York 11746.

8. At all times relevant, Defendant Landscape was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

9. At all times relevant, Defendant Landscape was and still is an "employer" within the meaning of Labor Law §190(3).

10. At all relevant times, Defendant Landscape was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000.00, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in the

landscaping business, and handled products such as mowers, hedgers, clippers, tractors, lawn care chemicals, spreaders, shovels, weed whackers, and other tools, equipment and products, many of which originated in states other than New York.

11. Defendant Sipala, was and is an owner and/or officer of the corporate defendant, has authority to make payroll and personnel decisions for Landscape, and is active in the day-to-day management of Landscape, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

12. At all times relevant, Defendant Sipala was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

13. At all times relevant, Defendant Sipala was and still is an "employer" within the meaning of Labor Law §190(3).

## FACTUAL ALLEGATIONS

14. Defendants are engaged in the landscaping and yard maintenance business, operating throughout Suffolk and Nassau counties.

15. Plaintiff was employed by the Defendants as a landscaper and laborer from in or about March 2013 through June 2022. As Defendants business was a landscaping business, Defendants typically only operated from March through December each year.

16. Plaintiff regularly worked five days per week, Monday through Friday, and at least twice per month would work a sixth day on Saturday. Plaintiff typically worked at least 8 hours per day each workday. In exchange for his work each week, Defendants compensated Plaintiff at an hourly rate of $22.00 per hour for all hours worked, including those hours worked in excess of forty each week.

3

17. During his employment with Defendant, Plaintiff regularly worked more than 40 hours per week. Defendants regularly failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week. Instead, Defendants paid Plaintiff at his regular "straight-time" rate for hours worked beyond 40 hours in a single workweek.

18. Thus, throughout his employment, Defendants failed to compensate Plaintiff at the legally required rate of one and one-half times his regular rate of pay for all hours worked each week in excess of forty.

20. Defendants failed to provide Plaintiff upon hire or anytime thereafter with written notice of his rate of pay and other information required by Section 195(1) of the New York State Labor Law.

21. Defendants failed to provide Plaintiff with an accurate statement each pay period indicating the number of overtime hours worked, overtime rate of pay and other information required by Section 195(3) of the New York State Labor Law.

22. Defendants treated and paid the Plaintiffs and the putative collective action members in the same or similar manner.

23. Defendants entered into contracts and/or subcontracts to provide landscaping services upon Public Works Projects.

24. Under those Contracts, Defendants agreed to comply with the requirements of New York Labor Law § 220 and that all employees, including subcontractors' employees, would be paid prevailing wages and supplements. The Contracts were required to include this provision pursuant to the New York Labor Law.

25. Upon information and belief, the contracts for these Public Works Projects required the payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects. Upon information and belief, the public works contracts also provided that any subcontracts entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

26. Defendants employed Plaintiff to provide labor and perform various parts of the Contract. Specifically, Plaintiff routinely performed jobs for Nassau and Suffolk county schools, police departments, and fire houses.

27. As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to Plaintiff should have been annexed to and formed as part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

28. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

29. Defendants paid Plaintiff less than the prevailing rates of wages and supplements to which Plaintiff was entitled.

30. Plaintiff is a third-party beneficiary of Defendants' contractual promise to comply with New York Labor Law § 220 and that all employees would be paid prevailing wages and supplements.

## COLLECTIVE ACTION ALLEGATIONS

31. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

32. Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, landscaping services, garbage collection, property maintenance, and/or as a general laborer at any time during the three (3) years prior to the filing of their respective consent forms.

33. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

34. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms..

35. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court

promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**OVERTIME FAIR LABOR STANDARDS ACT**

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants employed Plaintiff and the Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiff and the Collective Action Plaintiffs overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

38. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

39. As a result of Defendants' unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recovery from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**OVERTIME NEW YORK LABOR LAW**

40. Plaintiff and each Collective Action Plaintiff who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants employed Plaintiff and each Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for

the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

42. By Defendants' failure to pay Plaintiff and each Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

43. Plaintiff and each Collective Action Plaintiff who opts-in to this action is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONRACT AS THIRD-PARTY BENEFICIARIES

49. Plaintiff and each Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

50. Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiff and each Collective Action Plaintiff who opts-in to this action provided labor.

51. Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff and each Collective Action Plaintiff who opts-in to this action a "prevailing wage."

52. Defendants breached the Public Works contracts in that they failed to pay Plaintiff and each Collective Action Plaintiff who opts-in to this action the prevailing wages for all labor performed on the Public Works Projects and that Plaintiff and each Collective Action Plaintiff who opts-in to this action did not receive the monies they were due as third-party beneficiaries of the contracts.

53. Plaintiff and each Collective Action Plaintiff who opts-in to this action was a third-party beneficiary of the contracts entered into by Defendants.

54. Defendants are liable to Plaintiff and each Collective Action Plaintiff who opts-in to this action for damages based upon an accounting of the wages the Plaintiff and each Collective Action Plaintiff who opts-in to this action was paid and the wages they were entitled to be paid as third-party beneficiaries of the contracts.

## FOURTH CLAIM FOR RELIEF
## WAGE NOTICE VIOLATION

55. Plaintiff and each Collective Action Plaintiff who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants failed to provide Plaintiff and each Collective Action Plaintiff who opts-in to this action with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

57. Due to Defendants' failure to provide Plaintiff and each Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law § 195(1), Defendants are liable to Plaintiff and each Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## FIFTH CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

58. Plaintiff and each Collective Action Plaintiff who opts-in to this action alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants failed to provide Plaintiff and each Collective Action Plaintiff who opts-in to this action with accurate statements each pay period setting forth the number of overtime

hours worked and overtime wages paid as required by Labor Law Section 195(3) of the Labor Law.

60. Due to Defendants' failure to provide Plaintiff and each Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(3), Defendants are liable to Plaintiff and each Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a collective action pursuant to 29 U.S.C. 216(b);

(ii.) An order authorizing the dissemination of notice of the pendency of this action;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law and the supporting N.Y.S Department of Labor Regulations;

(iv.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq.;

(v.) Unpaid prevailing wages and supplemental benefits;

(vi.) Statutory damages pursuant to New York Labor Law §198;

(vii.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(viii.) Pre-judgment and post-judgment interest as permitted by law; and

 (viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
   October 11, 2022

             LAW OFFICE OF PETER A. ROMERO PLLC

       By: ***/s Matthew J. Farnworth***
          Matthew J. Farnworth, Esq.
          Peter A. Romero, Esq.
          490 Wheeler Road, Suite 250
          Hauppauge, New York 11788
          Tel. (631) 257-5588
          mfarnworth@romerolawny.com
          *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Sipala Landscape Services Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_Carlos Meza_     7/25/2022
Carlos Meza                Date