LAW OFFICE OF
**PETER A. ROMERO**

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

March 17, 2023

**VIA ECF**

Hon. Gary R. Brown
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Carlos Meza v. Sipala Landscape Services, Inc., et al.*
              Case No.: 22-CV-06110 (GRB) (AYS)

Dear Judge Brown:

      This firm represents Plaintiff Carlos Meza, in the above-referenced action against his former employers, Sipala Landscape Services, Inc., and Michael Sipala, alleging that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay them overtime wages when he worked more than forty (40) hours per week, as well as for breach of contract claims for failing to pay prevailing wages, and NYLL claims. Prior to Defendants filing their Answer, the parties agreed to a settlement of Plaintiff's claims. We now seek approval of the parties' settlement of Plaintiff's FLSA claims pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The parties have memorialized their resolution in a Settlement Agreement and Release ("Agreement"), attached hereto as Exhibit A. The release set forth in the Agreement contains a mutual release of claims, which is warranted given the Plaintiff is no longer employed by the Defendants, and the parties desire to walk away from each other with a clean slate. The Agreement does not contain any confidentiality or non-disclosure provision or non-disparagement provision.

      The Agreement is reasonable and in the best interest of Plaintiff. The parties agreed to fully and finally resolve all of Plaintiff's claims by having Defendants pay Plaintiff a total of $20,000.00, including attorneys' fees and costs. Plaintiff believes that the agreement is fair and reasonable under the circumstances. Defendants contend that Plaintiff is not entitled to unpaid overtime or prevailing wage damages, as they believe he worked less hours than alleged, and that his jobs were not subject to the prevailing wage laws. Defendants also contend that Plaintiff is not entitled to or liquidated damages, whereas Plaintiff asserts that liquidated damages should be awarded because Defendants cannot establish that the alleged violations were part of good faith efforts to comply with the FLSA. Critically, Defendants also assert that they have limited financial resources and cannot afford a larger settlement or judgment. Accordingly, resolving the action on behalf of Plaintiff at this early juncture provides certainty in that he will receive full compensation for his alleged unpaid overtime wages, given that Defendants are a small landscaping company and its sole owner and

LAW OFFICE OF PETER A. ROMERO PLLC  •  LABOR AND EMPLOYMENT LITIGATION
490 Wheeler Road, Suite 250, Hauppauge, New York 11788  •  (631) 257-5588  •  overtimelawny.com

operator, and given the particular economic impact the COVID-19 pandemic has had on businesses of all kinds.

In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages if a jury found that Defendants' violations were not willful, and found their recollection of events to be more credible. Accordingly, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to take depositions and likely brief numerous motions on the merits before trial could commence. As it stands, under the Agreement, Plaintiff will recover the entire amount of his actual FLSA and NYLL prevailing wage and overtime damages, even after deducting attorneys' fees.

In this matter, the parties release in the Agreement contains a mutual release of claims to ensure finality of disputes between the parties. Courts in this Circuit have repeatedly permitted a mutual general release in non-class wage and hour cases like the parties' settlement agreement, with experienced counsel, and where the Court can be assured that the rights of plaintiffs are sufficiently protected. See Zai You Zhu v. Meo Japanese Grill & Sushi, Inc., 2021 U.S. Dist. LEXIS 193605, at *11-12 (E.D.N.Y. Oct. 6, 2021); Rosario v. Structural Preservation Systems, LLC, 2019 WL 1383642, at * 3 (S.D.N.Y. Mar. 27, 2019) ("general releases may be permitted where the plaintiffs are no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual"); Khan v. Young Adult Institute, Inc., 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("Broad general releases of non-FLSA claims are acceptable where the release of claims is binding on both plaintiffs and defendants because the mutuality cures the "concern[ ] that the waiver unfairly benefits only Defendants.") (quoting Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016); Snead v. Interim HealthCare of Rochester, Inc., 286 F.Supp.3d 546, 556 (W.D.N.Y. 2018) ("In the instant matter, Plaintiff is no longer an employee of Defendant, and the release at issue is mutual...Furthermore, because this case is not a class action, at least one of the dangers posed by an overbroad release — that it would bind class members who had no bargaining power concerning the settlement terms — is not present here...Therefore, under the circumstances of this case, the Court finds that the mutual waiver and release provisions are a fair and reasonable outcome of balanced negotiations, occurring over several months, which will bring closure to both sides.); Burgos v. Northeast Logistics, Inc., 2018 WL 2376481, at * (E.D.N.Y. Apr. 26, 2018) (holding that approval of a mutual general release in the non-class-action context is permissible, where the plaintiff is no longer employed by the defendant, and where the release includes "reciprocity of parties" (*i.e.*, where the array of persons covered by the waiver was symmetrical)); Weidong Li v. Ichiban Mei Rong Li Inc., 2017 WL 1750374, (N.D.N.Y. May 5, 2017) (concluding mutual general release, where employment relationship was already terminated, reflected the parties' "obvious desire [] to end their relationship without the specter of further disputes. Such an intention is entirely consistent with the goal under the FLSA of achieving a fair and just resolution."); Souza v. 65 St. Marks Bistro, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) ("A general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure" and noting a mutual general release, like the one negotiated

between Plaintiffs and Defendant, "will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes."); Chauca v. Abitino's Pizza 49th Street Corp., 2016 WL 2647603, at *1-2 (S.D.N.Y. June 29, 2016) (approving mutual general release in FLSA settlement); Weng v. T&W Restaurant, Inc., 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (approving mutual general release in FLSA settlement, but denying approval of agreement for other reasons); Cionca v. Interactive Realty, LLC, 2016 WL 3440554, at *3-4 (S.D.N.Y. June 10, 2016) (same); Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (citing Souza v. 65 St. Marks Bistro, 2015 WL 727174 7, at *5 (S.D.N. Y. Nov. 6, 2015); and Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016)) (denying settlement due to, *inter alia,* the general release being overly broad and not mutual, but holding that the release would be approved if revised to be mutual)); Lola, 2016 WL 922223, at *2 (quoting Souza, 2015 WL 7271747, at *5) (approving settlement agreement with mutual releases and noting "mutual release of claims is acceptable because it 'will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes.'"). Here, Plaintiff is no longer employed by the Defendants. As a result, the parties' mutual general release will permit Plaintiff and Defendants to end all disputes between them and move forward with a clean slate, and is therefore permitted under the applicable law.

Additionally, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181). The Agreement also does not contain a non-disclosure or non-disparagement provision. As a result, there are no terms in the agreement that would offend the dictates of Cheeks v. Freeport Pancake House, Inc.

As further set forth in the attached Agreement, the parties have agreed to settle this matter for a total settlement amount of $20,000.00 (the "Settlement Amount"). This amount includes $6,934.67, representing attorneys' fees, and costs incurred. The attorney's fee represents one-third (33.3%) of the total settlement amount after deducting for costs and expenses and is reasonable. Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding his job duties, hours worked and compensation, commenced this action, prepared a highly detailed assessment of damages on a week-by-week basis, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf.

      In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved. We apologize for not submitting this motion by the due date, as it had been mis-calendared.

                                                               Respectfully submitted,

                                                              */s Peter A. Romero, Esq.*
                                                              PETER A. ROMERO

CC:    Jamie Felsen, Esq.
         Milman Labuda Law Group PLLC
         *Attorneys for Defendants*
         jamiefelsen@mllaborlaw.com